IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HERBERT H. MEYER
and CHERI L. MEYER,
    Plaintiffs,

vs.                                   Case No.: 3:16cv17/MCR/EMT

WELLS FARGO HOME MORTGAGE, INC.,
et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiffs, proceeding pro se, commenced this case on January 8, 2016, by filing a complaint under 28 U.S.C. §§ 1331 and 1332 (ECF No. 1). They paid the filing fee. Plaintiffs contemporaneously filed a Motion for Emergency Temporary Restraining Order and Memorandum in Support (ECF Nos. 2, 3).

    The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(E); *see also* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). After careful consideration of the issues raised by Plaintiffs, it is the opinion of the undersigned that the motion for temporary restraining order ("TRO") should be denied.

I.      BACKGROUND

Plaintiffs commenced this action by filing a Complaint for Declaratory Judgment, pursuant to this court's diversity and federal question jurisdiction, 28 U.S.C. §§ 1331, 1332 (ECF No. 1). They name the following Defendants: (1) Wells Fargo Home Mortgage, Inc., (2) Ark-La-Tex Financial Services, LLC d/b/a Benchmark Mortgage, (3) U.S. Bank, National Association, (4) Bank of America, N.A., and (5) Nationstar Mortgage, LLC (*id.*). Plaintiffs claim that they are citizens of the State of Florida, residing at 14126 Hwy. 20 West, Niceville, Florida (*id.* at 7). They allege that each Defendant is located in a State other than Florida (*id.*). Plaintiffs allege that the amount in controversy is $241,108.85, which is the current amount due on the defaulted residential mortgage transaction at issue (*id.* at 6).

Plaintiffs allege that on September 30, 2003, they purchased a residence located at 14126 Hwy. 20 West, Niceville, Florida, for $125,800.00 (ECF No. 1 at 2). They allege they financed $119,500.00 of the purchase price with a residential mortgage transaction with Defendant Wells Fargo on September 30, 2003 (*id.*). Plaintiffs allege Defendant U.S. Bank initiated a foreclosure action in the Circuit Court in and for Walton County, Florida, Case No. 2011-CA-495 (*id.* at 2, 4). Plaintiffs allege Wells Fargo was not the "true creditor" or "actual source" of the funds they received, and

the "true creditor" or "actual source" has never been disclosed to them (*id.* at 2–3). They contend the failure to disclose violated the requirements of the federal Truth in Lending Act ("TILA") (*id.*). Plaintiffs allege that on June 8, 2015, they sent a "Notice of Rescission/Cancellation" to each Defendant, and on September 17, 2015, they recorded the Notice in the public records of Walton County (*id.* at 3). Plaintiffs allege that Defendant Bank of America and Defendant Benchmark responded that any right to rescission which Plaintiffs may have under TILA expired prior to service of Plaintiffs' Notice (*id.*). Plaintiffs allege they sought dismissal of the state foreclosure action, pursuant to 15 U.S.C. § 1635 (*id.* at 4, 6). Plaintiffs assert that the state court held hearings in the state foreclosure action on October 12, 2015, and December 11, 2015, at which time Plaintiffs argued that the court lacked jurisdiction of the foreclosure action due to their purported rescission of the mortgage transaction (*id.* at 4). Plaintiffs allege that on December 14, 2015, the state court issued a Final Judgment of Foreclosure in favor of Defendant U.S. Bank (*id.*). Plaintiffs allege that Defendant U.S. Bank filed a Notice of Foreclosure Sale with the Walton County Clerk of Court, and the sale of the residential real property is scheduled for January 19, 2016 (*id.* at 4–5).

Plaintiffs claim that they rescinded the residential mortgage transaction effective June 8, 2015, pursuant to 15 U.S.C. § 1635 (ECF No. 1 at 7–11). They seek a judgment declaring (1) that they are sole owners of the real property at issue in the state foreclosure action, (2) that the foreclosure, the promissory note, and the mortgage are null and void, and (3) that all documents recorded after June 8, 2015 (the date they sent the notice of rescission) on or against the title to the real property are null and void (*id.* at 11–12).

In the motion for emergency TRO, Plaintiffs state that the grounds for the motion are fully set out in the complaint and "for judicial economy the grounds are not repeated here" (ECF No. 2 at 2–3; *see also* ECF No. 3). They seek an order enjoining Defendants from proceeding with the public sale of the property on January 19, 2016 (*id.*). They allege they will suffer the following immediate and irreparable injury, loss, or damages if the TRO is not issued: (1) the cost of renting a temporary residence, (2) the cost of paying for expedited moving services to remove their personal property from the residence, and (3) unnecessary emotional distress (ECF No. 2 at 5). Plaintiffs state they are willing to post a bond in an amount deemed appropriate by the court (ECF No. 3 at 3).

II.     ANALYSIS

To establish entitlement to a temporary restraining order or preliminary injunction, the moving party must establish: (1) a substantial likelihood of success on the merits of the underlying case, (2) the movant will suffer irreparable injury if the relief is not granted, (3) the threatened injury outweighs the harm the relief would inflict on the non-movant, and (4) entry of the relief would serve the public interest. *See* Schiavo ex re. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (citations omitted).

Initially, it appears that this court lacks jurisdiction over Plaintiffs' claims. In certain circumstances, a federal court must decline or postpone the exercise of its jurisdiction by deferring to the courts of the several states. *See, e.g.*, D.C. Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983) ("Feldman"); Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976); Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971); Burford v. Sun Oil Co., 319 U.S. 315, 63 S. Ct. 1098, 87 L. Ed. 1424 (1943); R.R. Comm'n of Tex. v. Pullman Co., 312 U.S. 496, 61 S. Ct. 643, 85 L. Ed. 971 (1941); Rooker v. Fid. Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923) ("Rooker"). The doctrine established by the Rooker and Feldman cases essentially holds that federal courts—other than the Supreme Court—do not

have subject matter jurisdiction over "cases brought by state-court losers [(1)] complaining of injuries caused by state court judgments rendered before the [federal] district court proceedings commenced and [(2)] inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005).  In its reading of the doctrine, the Eleventh Circuit has held that a federal district court "lacks jurisdiction to review, reverse, or invalidate a final state court decision." Dale v. Moore, 121 F.3d 624, 626 (11th Cir. 1997).  The doctrine applies when:

> (1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment.

Storck v. City of Coral Springs, 354 F.3d 1307, 1310 n.1 (11th Cir. 2003).  "A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." Siegel v. LePore, 234 F.3d 1163, 1172 (11th Cir. 2000).  However, even if a claim is "inextricably intertwined" with the state court's judgment, the doctrine does not apply if the plaintiff had no "reasonable opportunity to raise his federal claim in state

proceedings." Powell v. Powell, 80 F.3d 464, 467 (11th Cir. 1996) (quoting Wood v. Orange County, 715 F.2d 1543, 1547 (11th Cir. 1983)).

The Rooker–Feldman doctrine bars the district court from hearing Plaintiffs' claim for rescission under TILA. Plaintiffs and Defendant U.S. Bank participated in the subject state proceeding, Case No. 2011-CA-495, and Plaintiffs state that the Florida court granted a final judgment for foreclosure in favor of the state court defendants and against Plaintiffs.[1] Notably, after the Florida court's final judgment on December 18, 2015, Plaintiffs—the state-court losers—commenced this federal case and seek a restraining order to prevent the sale of the foreclosed property. Moreover, Plaintiffs assert that they not only had an opportunity to raise their TILA claim in the Florida state court, but they actually asserted the same TILA claim they assert here. Finally, the Florida state court adjudicated the issue underlying this federal case—the legal effect of the mortgage. The effect of a judgment in Plaintiffs' favor in the instant case would unquestioningly invalidate the state court's final judgment granting foreclosure, and would thus offend the Rooker–Feldman doctrine. *See* Parker v. Potter, 368 F. App'x 945, 948–49 (11th Cir. 2010) (unpublished but

---

[1] The court takes judicial notice of the database maintained by the Clerk of Court for Walton County, Florida, which confirms that Plaintiffs and Defendant U.S. Bank were parties to the state foreclosure action, Case No. 2011-CA-495, and that the state court issued a final judgment of foreclosure on December 18, 2015. *See* http://www.clerkofcourts.co.walton.fl.us/ (Case Search 2011-CA-495).

recognized for persuasive authority) (Rooker–Feldman doctrine barred the district court from hearing claim brought by mortgagor's wife against mortgagee's assignee seeking rescission of the mortgage transaction under Truth in Lending Act (TILA); the same parties in the federal action participated in state proceeding in which state court granted a final judgment for foreclosure in favor of assignee and against wife, and wife, the state-court loser, first sought a restraining order in the district court to prevent the sale of the foreclosed property over a year after the state court's final judgment); *see* Harper v. Chase Manhattan Bank, 138 F. App'x 130, 133 (11th Cir. 2005) (citation omitted) (unpublished) (federal claim under TILA was inextricably intertwined with final state court judgment when plaintiff sought injunction to prevent enforcement of final state foreclosure judgment).

Additionally, Plaintiffs have not shown a substantial likelihood of success on the merits of the underlying claim. They assert that on June 8, 2015, they exercised their right of rescission, under TILA. However, 15 U.S.C. § 1635 expressly provides that the TILA-based right to rescission does not apply to a residential mortgage transaction, which is defined as "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's

dwelling to finance the acquisition or initial construction of such dwelling." *See* 15 U.S.C. §§ 1602(x), 1635(e).  Here, Plaintiffs admit that in the transaction at issue, a mortgage was created against their dwelling to finance the acquisition of the dwelling.  Therefore, the transaction is exempt from TILA's rescission provisions.  *See* <u>Infante v. Bank of America Corp.</u>, 468 F. App'x 918, 921 (11th Cir. 2012) (unpublished) (TILA-based rescission claim was without merit because some of the proceeds of the loan at issue were used to finance the cost of constructing the plaintiff's residence).

Furthermore, even if § 1635 applied to this transaction, Plaintiffs failed to exercise the right of rescission within by the deadline set forth in TILA.  TILA grants borrowers the right to rescind a loan "until midnight of the third business day following the consummation of the transaction or the delivery of the [disclosures required by the Act], whichever is later, by notifying the creditor, in accordance with regulations of the [Federal Reserve] Board, of his intention to do so." 15 U.S.C. § 1635(a). TILA's regime grants borrowers an unconditional right to rescind for three days, after which they may rescind only if the lender failed to satisfy TILA's disclosure requirements.  *Id.*  But the conditional right to rescind does not last forever. "Even if a lender never makes the required disclosures, the 'right of rescission shall expire three years after the date of consummation of the transaction or upon the sale

of the property, whichever comes first.'" Jesinoski v. Countrywide Home Loans, Inc., — U.S. —,135 S. Ct. 790, 792, 190 L. Ed. 2d 650 (2015) (quoting 15 U.S.C. § 1635(f)); Beach v. Ocwen Federal Bank, 523 U.S. 410, 418, 118 S. Ct. 1408, 140 L. Ed. 2d 566 (1998) (TILA permits no federal right to rescind after the 3-year period of § 1635(f) has run).

Here, Plaintiffs allege that the residential mortgage transaction was consummated on September 30, 2003. They allege that they did not notify any Defendant of their intention to rescind on or before September 30, 3006. Therefore, the rescission appears untimely.

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

That Plaintiffs' Motion for Emergency Temporary Restraining Order (ECF No. 2) be **DENIED**.

At Pensacola, Florida this 12th day of January 2016.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**