IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HERBERT H. MEYER
and CHERI L. MEYER,
    Plaintiffs,

vs.                              Case No.: 3:16cv17/MCR/EMT

WELLS FARGO HOME MORTGAGE, INC.,
et al.,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiffs Herbert and Cheri Meyer ("the Meyers"), proceeding pro se, commenced this case on January 8, 2016, by filing a complaint under 28 U.S.C. §§ 1331 and 1332 (ECF No. 1). Present before the court is a motion to dismiss filed by Defendant Nationstar Mortgage, LLC ("Nationstar") (ECF No. 10). The Meyers responded in opposition to the motion (ECF No. 11).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(E); *see also* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). After careful consideration of the issues raised by the parties, it is the opinion of the undersigned that Nationstar's motion to dismiss should be granted, and this case dismissed with prejudice.

I.      BACKGROUND AND PROCEDURAL HISTORY

The Meyers commenced this action by filing a Complaint for Declaratory Judgment, pursuant to this court's diversity and federal question jurisdiction, 28 U.S.C. §§ 1331, 1332 (ECF No. 1). They name the following Defendants: (1) Wells Fargo Home Mortgage, Inc., (2) Ark-La-Tex Financial Services, LLC d/b/a Benchmark Mortgage, (3) U.S. Bank, National Association, (4) Bank of America, N.A., and (5) Nationstar (*id.*). The Meyers claim that they are citizens of the State of Florida, residing at 14126 Hwy. 20 West, Niceville, Florida (*id.* at 7). They allege that each Defendant is located in a State other than Florida (*id.*). The Meyers allege that the amount in controversy is $241,108.85, which is the current amount due on the defaulted residential mortgage transaction at issue (*id.* at 6).

The Meyers allege that on September 30, 2003, they purchased a residence located at 14126 Hwy. 20 West, Niceville, Florida, for $125,800.00 (ECF No. 1 at 2). They allege they financed $119,500.00 of the purchase price with a residential mortgage with Defendant Wells Fargo on September 30, 2003 (*id.*). The Meyers allege that Defendant U.S. Bank initiated a foreclosure action in the Circuit Court in and for Walton County, Florida, Case No. 2011-CA-495 (*id.* at 2, 4). The Meyers allege Wells Fargo was not the "true creditor" or "actual source" of the funds they received from the residential mortgage transaction, and the "true creditor" or "actual

source" has never been disclosed to them (*id.* at 2–3). The Meyers contend that this alleged failure to disclose violated the requirements of the federal Truth in Lending Act ("TILA") (*id.*). The Meyers allege that on June 8, 2015, they sent a "Notice of Rescission/Cancellation" to each Defendant, and on September 17, 2015, they recorded the Notice in the public records of Walton County (*id.* at 3). The Meyers allege that Defendant Bank of America and Defendant Benchmark responded that any right to rescission which the Meyers may have under TILA expired prior to service of the Notice (*id.*). The Meyers allege they sought dismissal of the state foreclosure action, pursuant to 15 U.S.C. § 1635 (*id.* at 4, 6). The Meyers assert that the state court held hearings in the state foreclosure action on October 12, 2015, and December 11, 2015, at which time the Meyers argued that the court lacked jurisdiction over the foreclosure action due to the Meyers' purported rescission of the mortgage transaction (*id.* at 4). The Meyers allege that on December 14, 2015, the state court issued a Final Judgment of Foreclosure in favor of Defendant U.S. Bank (*see id.*; *see also* ECF No. 1, Ex. D). The Meyers allege that Defendant U.S. Bank filed a Notice of Foreclosure Sale with the Walton County Clerk of Court, and the sale of the residential real property was scheduled for January 19, 2016, eleven days after the Meyers commenced this lawsuit (ECF No. 1 at 4–5, *see also* ECF No. 1, Ex. E).

The Meyers claim that they rescinded the residential mortgage transaction effective June 8, 2015, pursuant to 15 U.S.C. § 1635 (ECF No. 1 at 7–11). They seek a judgment declaring (1) that they are sole owners of the real property at issue in the state foreclosure action, (2) that the foreclosure, the promissory note, and the mortgage are null and void, and (3) that all documents recorded after June 8, 2015 (the date they sent the notice of rescission) on or against the title to the real property are null and void (*id.* at 11–12).

Contemporaneously with the complaint, the Meyers filed a Motion for Emergency Temporary Restraining Order, in which they sought an order enjoining Defendants from proceeding with the public sale of the property (*see* ECF No. 2). The court denied the motion on February 11, 2016 (ECF No. 9).

Nationstar filed the instant motion to dismiss on February 19, 2016 (ECF No. 10). Nationstar contends the TILA rescission provisions are inapplicable to the Meyers' residential mortgage transaction, pursuant to 15 U.S.C. § 1635(e) (*id.* at 3–4). Nationstar alternatively contends that to the extent any right of rescission existed, the Meyers' failure to assert such right within the three-year period provided under 15 U.S.C. § 1635(f) is fatal to their claim (*id.* at 4). Therefore, the complaint should be dismissed with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (*id.* at 2–5).

The Meyers contend Nationstar waived its right to challenge the rescission by failing to challenge it within twenty days of receipt of the Notice of Rescission; therefore, Nationstar is barred from asserting the arguments presented in the motion to dismiss (*see* ECF No. 11).

II.   ANALYSIS

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), the allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff.  Davis v. Monroe Cnty. Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  Additionally, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006).  The court may consider documents attached to a complaint or incorporated into the complaint by reference, and matters of which a court may take judicial notice.  *See* Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007); Saunders v. Duke, 766 F.3d 1262, 1272 (11th Cir. 2014); Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997) ("[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the

Page 6 of 10

Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal . . . .").

To survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted).

The provisions of TILA expressly provide that the TILA-based right to rescission does not apply to a residential mortgage transaction, which is defined as "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." *See* 15 U.S.C. §§ 1602(x), 1635(e).

"Dwelling" is defined as a residential structure which contains one to four family housing units. *See* 15 U.S.C. § 1602(w).

Here, the Meyers admit that in the transaction at issue, a mortgage was created against their dwelling to finance the acquisition of the dwelling. Therefore, the transaction is exempt from TILA's rescission provisions. *See* <u>Infante v. Bank of Am. Corp.</u>, 468 F. App'x 918, 921 (11th Cir. 2012) (unpublished but recognized for persuasive authority) (TILA-based rescission claim was without merit because some of the proceeds of the loan at issue were used to finance the cost of constructing the plaintiff's residence); <u>Grimes v. Fremont Gen. Corp.</u>, 785 F. Supp. 2d 269, 284–85 (S.D.N.Y. 2011) ("The Court finds that the Amended Complaint and attached documents undisputedly establish that the funds Plaintiffs received from Fremont were used to finance the acquisition of the Newburgh home, and that Plaintiffs planned to, and did, use the home as their dwelling. As such, this was a residential mortgage transaction, and Plaintiffs have no right to rescission.").

Furthermore, even if § 1635 applied to this transaction, the Meyers failed to exercise the right of rescission within the deadline set forth in TILA. TILA grants borrowers the right to rescind a loan "until midnight of the third business day following the consummation of the transaction or the delivery of the [disclosures required by the Act], whichever is later, by notifying the creditor, in accordance with

regulations of the [Federal Reserve] Board, of his intention to do so." 15 U.S.C. § 1635(a). TILA's regime grants borrowers an unconditional right to rescind for three days, after which they may rescind only if the lender failed to satisfy TILA's disclosure requirements. *Id.* But the conditional right to rescind does not last forever. "Even if a lender never makes the required disclosures, the 'right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever comes first.'" Jesinoski v. Countrywide Home Loans, Inc., — U.S. —, 135 S. Ct. 790, 792, 190 L. Ed. 2d 650 (2015) (quoting 15 U.S.C. § 1635(f)); Beach v. Ocwen Fed. Bank, 523 U.S. 410, 418, 118 S. Ct. 1408, 140 L. Ed. 2d 566 (1998) (TILA permits no federal right to rescind after the 3-year period of § 1635(f) has run); Dixon v. Countrywide Home Loans, Inc., 710 F. Supp. 2d 1325, 1334 (S.D. Fla. 2010) ("[B]ecause Plaintiff did not assert its TILA rescission right until after the three-year period expired, Plaintiff's right to seek rescission under § 1635(f) is extinguished.").

Here, the Meyers allege that the residential mortgage transaction was consummated on September 30, 2003. They allege, and the documents attached to the complaint demonstrate, they did not notify any Defendant of their intention to rescind on or before September 30, 3006 (*see* ECF No. 1, Exs. A, B, C). Therefore, the attempted rescission in 2015 was untimely and legally ineffective.

The factual allegations of the Meyers' complaint fail to state a claim to relief that is plausible on its face as to any Defendant. Therefore, the complaint should be dismissed.

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). Amendment would be futile in this instance, because the facts as alleged in the complaint, viewed in a light most favorable to the Meyers, could not be stated in any fashion so as to show that they are entitled to relief. Therefore, the court may dismiss this case without providing opportunity for amendment.

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1. That Defendant Nationstar Mortgage, LLC's motion to dismiss (ECF No. 10) be **GRANTED**.

2. That this action be **DISMISSED with prejudice** as to all Defendants.

Case No.: 3:16cv17/MCR/EMT

3. That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this 2nd day of June 2016.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**